**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION<br><br>**This document relates to:**<br><br>JANICE HAPPEL, Individually and as Executrix of the Estate of ERNEST HAPPEL, deceased,<br><br>Plaintiffs<br><br>V.<br><br>ANCHOR PACKING CO., et al.,<br><br>Defendants. | ) | Consolidated under<br>MDL DOCKET NO. 875<br>Civil Action No.<br>2:09-cv-70113-ER<br><br>(transferred from<br>No. 1:09-cv-00235-SLR D (Del.) |

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Honeywell International, Inc. ("Honeywell"), the successor in interest to Allied Signal, Inc., the successor in interest to the Bendix Corporation, by and through its counsel, Rawle & Henderson, LLP, herein files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 to dismiss all claims pending against Honeywell. In support of its Motion, Honeywell incorporates its accompanying brief as though the same were set forth fully herein at length.

WHEREFORE, Defendant Honeywell International Inc. respectfully requests that this Honorable Court grant its Motion for Summary Judgment by entering an Order in the

form proposed and attached hereto along with such any other relief in favor of Honeywell International Inc. that this Honorable Court deems appropriate under the circumstances.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

__sfg7063__________________

Scott F. Griffith, Esquire (ID 71796)
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
*Attorneys for Defendant Honeywell International, Inc., as Successor in Interest to Bendix Corporation*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | Consolidated under |
| | ) | MDL DOCKET NO. 875 |
| **This document relates to:** | ) | Civil Action No. |
| | ) | 2:09-cv-70113-ER |
| JANICE HAPPEL, Individually and as Executrix of the Estate of ERNEST HAPPEL, deceased, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | (transferred from |
| V. | ) | No. 1:09-cv-00235-SLR D (Del.) |
| | ) | |
| ANCHOR PACKING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Honeywell International, Inc. ("Honeywell"), the successor in interest to Allied Signal, Inc., the successor in interest to the Bendix Corporation, by and through its counsel, Rawle & Henderson, LLP,, respectfully submits this Brief in Support of its Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56.

## I. FACTUAL HISTORY

Defendant Honeywell and other named parties were sued in this action by Plaintiff to recover damages for personal injuries allegedly sustained by Ernest Happel. Plaintiff contends that the late Mr. Happel's injuries were caused by exposure to asbestos-containing products. At all times relevant hereto, Defendant Honeywell has denied any such exposure was related to any product or component related to Honeywell.

Mr. Happel was not deposed before his death. During the course of this matter, Bob Lempges, a co-worker and a product identification witness, was deposed on July 19, 2010. At no time during his deposition did Mr. Lempges identify any product manufactured, supplied, or distributed by Defendant Honeywell as a product that Plaintiff worked directly with or that Plaintiff was in close proximity to when someone else was working with such a product throughout his employment history. Consequently, Mr. Lempges also did not testify that any product related to Defendant Honeywell contained asbestos.

## II. PROCEDURAL HISTORY

This matter was initiated in the Superior Court of the State of Delaware on February 12, 2009. It was later transferred to the Eastern District of Pennsylvania on or about June 12, 2009. The discovery deadline in this matter expired on or about July 15, 2010, pursuant to your Honor's scheduling order of June 21, 2010.

No further information has been disclosed regarding Plaintiff's exposure to any product of Honeywell and Plaintiff has been unable to produce any other witness to testify as to his exposure to any other products related to Honeywell. The deadline for dispositive motions has been set for August 30, 2010.

At this time, Plaintiff has declined to voluntarily dismiss Honeywell. Therefore, Defendant Honeywell International Inc. seeks dismissal with this Motion for Summary Judgment.

## III. ARGUMENT

### A. Summary Judgment Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact" and thus the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also*, Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of establishing that there is no genuine issue of material fact. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In motions for summary judgment, once a moving party satisfies its initial burden of proving a *prima facie* case for summary judgment, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsuhita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, "there must be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770-71 (3d Cir. 2009) (citing Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). A material fact is a fact that will affect the outcome as determined by substantive law. *Id*. (citing Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).

### B. Honeywell is Entitled to Summary Judgment Because Plaintiff Has Not Produced Any Evidence that Plaintiff Was Exposed to Asbestos or Asbestos-Containing Materials from a Honeywell Product

Distinctively, in a personal injury action arising from a plaintiff's alleged exposure to asbestos, the plaintiff has the burden to demonstrate that he was actually exposed to asbestos fibers released from a particular defendant's product and that such exposure was the proximate cause of the Plaintiff's injuries. *See* Ciociola v. Delaware Coca-Cola Bottling Co., Del. Supr., 172 A.2d 525 (1961). In the context of asbestos exposure cases, Delaware law requires that the plaintiff establish a threshold "product

nexus", which entails an analysis of the plaintiff's evidence of exposure to asbestos fibers from defendant's products. *See* Clark v. ACandS Company, Inc., Del. Super., C.A. No. 82C-DE-26, Poppiti., J. (Order) September 3, 1985) at 4-5, *quoted* in In Re: Asbestos Litigation, Del. Super., 509 A.2d 1116, 11 17 (1986). However, "the ultimate question in determining product nexus is plaintiff's exposure to asbestos fibers supplied by a defendant." Megenthaler v. Asbestos Corporation of America, Inc., 1988 Del. Super. LEXIS 346, *8 (1988) Taylor, J. at 4.

Discovery is closed and Plaintiff has offered no testimony or evidence against Defendant Honeywell. There is no evidence that supports Plaintiff's allegations in his complaint against Defendant Honeywell. Given the lack of testimony from Mr. Lempges as set forth in the Factual History, above, there is no evidence from which a reasonable inference can be drawn that Plaintiff was exposed to a product manufactured or supplied by Honeywell or any of its predecessors. *See* Megenthaler, *supra*. The record is devoid of any facts establishing Plaintiff's inhalation of asbestos fibers emanating from an Honeywell product. Thus, Plaintiff's claims against Honeywell fail as a matter of law.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Honeywell International Inc. requests that this Honorable Court grant its Motion for Summary Judgment and dismiss all of Plaintiffs' claims against it and enter an Order in the form proposed and attached to its Motion, together with such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

__sfg7063__________________
Scott F. Griffith, Esquire (ID 71796)
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
*Attorneys for Defendant Honeywell International, Inc., as Successor in Interest to Bendix Corporation*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | Consolidated under |
| | ) | MDL DOCKET NO. 875 |
| **This document relates to:** | ) | Civil Action No. |
| | ) | 2:09-cv-70113-ER |
| JANICE HAPPEL, Individually and as Executrix of the Estate of ERNEST HAPPEL, deceased, | ) | |
| Plaintiffs | ) | |
| | ) | (transferred from |
| v. | ) | No. 1:09-cv-00235-SLR D (Del.) |
| ANCHOR PACKING CO., et al., | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

SCOTT F. GRIFFITH, ESQUIRE, certifies that he served a true and correct copy of Defendant Honeywell International Inc.'s Motion for Summary Judgment and Brief in Support thereof upon all counsel via electronic filing service through the Clerk of Courts.

sfg7063

**RAWLE & HENDERSON LLP**
Scott F. Griffith, Esquire (ID 71796)
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
*Attorneys for Defendant Honeywell International, Inc., as Successor in Interest to Bendix Corporation*

Date: August 27, 2010

3903020-1