IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) ) ) ) ) | Consolidated Under MDL Docket No. 875 |
| JANICE HAPPEL, Individually and as Executrix of the Estate of ERNEST HAPPEL, Deceased, ) ) ) ) | Civil Action No. 2:09-cv-70113-ER |
| Plaintiff, ) ) | |
| vs. ) ) | |
| ANCHOR PACKING CO., et al., Defendants, ) ) ) | |
| Defendants. ) ) | (transferred from No. 1:09-cv-70113-JAP D (Del.) |

### DEFENDANT CBS CORPORATION/WESTINGHOUSE'S MOTION FOR SUMMARY JUDGMENT

Defendant CBS Corporation/Westinghouse ("CBS/Westinghouse"), by and through its undersigned counsel, herein files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 to dismiss all claims pending against CBS/Westinghouse. In support of its Motion, CBS/Westinghouse incorporates its accompanying brief as though the same were set forth fully herein at length.

Respectfully submitted,

SWARTZ CAMPBELL LLC

BY:/s/ Beth E. Valocchi
Beth E. Valocchi, Esquire (ID 2294)
Jennifer A. Kapes, Esquire (ID 4419)
300 Delaware Avenue; Suite 1130
Wilmington, DE 19801
*Attorneys for Defendant
CBS Corporation*

Dated: August 30, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | )<br>)<br>)<br>) Consolidated Under<br>) MDL Docket No. 875 |
| JANICE HAPPEL, Individually and as Executrix of the Estate of ERNEST HAPPEL, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>ANCHOR PACKING CO., et al., Defendants,<br><br>Defendants. | ) Civil Action No. 2:09-cv-70113-ER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) (transferred from<br>) No. 1:09-cv-70113-JAP D (Del.) |

### DEFENDANT CBS CORPORATION/WESTINGHOUSE'S
### MOTION FOR SUMMARY JUDGMENT

Defendant CBS Corporation/Westinghouse ("CBS/Westinghouse"), by and through its undersigned counsel, herein files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 to dismiss all claims pending against CBS/Westinghouse. In support of its Motion, CBS/Westinghouse incorporates its accompanying brief as though the same were set forth fully herein at length.

             Respectfully submitted,

             SWARTZ CAMPBELL LLC

             BY:/s/ Beth E. Valocchi
             Beth E. Valocchi, Esquire (ID 2294)
             Jennifer A. Kapes, Esquire (ID 4419)
             300 Delaware Avenue; Suite 1130
             Wilmington, DE  19801
             *Attorneys for Defendant*
             *CBS Corporation*

Dated: August 30, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | ) ) ) ) Consolidated Under ) MDL Docket No. 875 |
| JANICE HAPPEL, Individually and as Executrix of the Estate of ERNEST HAPPEL, Deceased,       Plaintiff, vs. ANCHOR PACKING CO., et al., Defendants,       Defendants. | ) Civil Action No. 2:09-cv-70113-ER ) ) ) ) ) ) ) ) ) ) ) ) ) (transferred from ) No. 1:09-cv-00235-SLR D (Del.) |

**DEFENDANT CBS CORPORATION/WESTINGHOUSE'S
OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

SWARTZ CAMPBELL LLC

BY:/s/ *Beth E. Valocchi*
Beth E. Valocchi, Esquire (ID 2294)
Jennifer A. Kapes, Esquire (ID 4419)
300 Delaware Avenue; Suite 1130
Wilmington, DE 19801
*Attorneys for Defendant
CBS Corporation*

Dated: August 30, 2010

## TABLE OF CONTENTS

TABLE OF CITATIONS.................................................................. ii

NATURE AND STAGE OF PROCEEDINGS................................ 1

STATEMENT OF FACTS............................................................... 2

ARGUMENT..................................................................................... 3

    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON ISSUE
    PRODUCT NEXUS BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH
    EXPOSURE BY ERNEST HAPPEL TO ANY ASBESTOS CONTAINING
    PRODUCT MANUFACTURED OR SUPPLIED BY CBS/WESTINGHOUSE

CONCLUSION.................................................................................. 4

## **TABLE OF CITATIONS**

| CASE | PAGE |
|---|---|
| Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)............................ | 3 |
| Celotex Corp. v. Catrett, 477 U.S. 317 (1986).............................................. | 3 |
| Clark v. A.C.& S., Co., Inc., Del. Super., C.A. No. 82C-DE-26, Poppiti, J (September 3, 1985)(Order)........................................................................ | 3-4 |
| Mergenthaler v. Asbestos Corp. of America, Del. Super, C.A. No. 81C-FE-27, Taylor, J. (July 13, 1988)................................................................ | 3 |
| In Re: Asbestos Litigation, Del. Super., 509 A.2d 1116, 1117 (1986)................. | 3 |

Other Authorities:

| | |
|---|---|
| Fed. R. Civ. P. 56(c)................................................................................ | 3 |

## NATURE AND STAGE OF THE PROCEEDINGS

This matter was initiated in the Superior Court of the State of Delaware on February 12, 2009. It was later transferred to the Eastern District of Pennsylvania on or about June 12, 2009. The discovery deadline in this matter expired on or about July 15, 2010, pursuant to the Court's scheduling order dated June 21, 2010. In accordance with this scheduling order, CBS/Westinghouse has filed its Motion for Summary Judgment.

Plaintiff has brought this action against CBS/Westinghouse and the other named defendants to recover damages for personal injuries allegedly sustained by Decedent Ernest Happel. Plaintiff contends that the Mr. Happel's injuries were caused by exposure to asbestos-containing products manufactured, sold or distributed by the named defendants. This is CBS/Westinghouse's opening brief in support of its Motion for Summary Judgment.

1

## STATEMENT OF FACTS

Plaintiff contends that the Mr. Happel's injuries were caused by exposure to asbestos-containing products manufactured, sold or distributed by the named defendants, including CBS/Westinghouse. Plaintiff filed answers to interrogatories which included "Exhibit A-2" that identified Mr. Happel's work history, the nature of each employment and the products Mr. Happel allegedly worked with or around during each employment. According to Plaintiff's "Exhibit A-2" Mr. Happel served in the United States Navy from 1950 through 1954 and, during that time, worked in the engine room of the USS Hugh Purvis as a machinist mate. (See Exhibit "A" attached hereto).

Mr. Happel was never deposed on his own behalf. The only witness offered for deposition in this matter was Robert Lempges, who also served on the USS Hugh Purvis (hereinafter "the Purvis").[1] Mr. Lempges was deposed on July 19, 2010. Mr. Lempges served in the United States Navy from August 1950 through June 30, 1954. (Deposition of Robert Lempages, 7/19/10, p. 21, relevant excerpts attached as Exhibit "B"). He testified that after eleven (11) weeks of basic training, he boarded the USS Hugh Purvis in the first or second week of November 1950. (Id. at pp. 21-22). The Purvis was the only ship Mr. Lempges served on while in the Navy. (Id.). Mr. Lempges first served as a fireman's apprentice and later as a machinist mate. (Id. at pp. 24-32). Mr. Happel also worked in one of the engine rooms on the Purvis, however Mr. Lempges did not know which engine room he was assigned to or what his classification was at the time. (Id. at pp. 33-38). Mr. Lempges testified that there was one Westinghouse turbo generator in each of the two engine rooms. (Id. at pp. 125-126). He testified that, as machinist mates, he (or Mr. Happel) would not have to work on any of the

---

[1] Plaintiff's witness list also identifies several other "witnesses" who were deposed previously in unrelated matters. Upon review of that testimony, there was no testimony relevant to Mr. Happel's work aboard the USS Purvis or to his alleged exposure to any Westinghouse product.

2

turbines and the extent of their involvement with the turbines was to run the throttle and to check the bearings. (Id. at pp. 73-74; 129-131). Moreover, Mr. Lempges testified that he could not specifically testify regarding as to any work performed on the Westinghouse turbine generators on the Purvis at anytime, specifically when Mr. Happel was around. (Id. at pp. 55).

## ARGUMENT

I. **DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON ISSUE PRODUCT NEXUS BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH EXPOSURE BY ERNEST HAPPEL TO ANY ASBESTOS CONTAINING PRODUCT MANUFACTURED OR SUPPLIED BY CBS/WESTINGHOUSE**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact" and thus the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also*, Celotex Corp. v. Catrett, 477 U.S. 317 (1986)(Summary Judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial"). The moving party bears the initial burden of establishing that there is no genuine issue of material fact. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In Mergenthaler v. Asbestos Corp. of America, Del. Super, C.A. No. 81C-FE-27, Taylor, J. (July 13, 1988) (Order), the Delaware Superior Court stated that a plaintiff must establish that "[a]t the time the defendant's asbestos-containing product was used at the site the plaintiff was in the area where it was used, near that area, walked past that area, or was in the building adjacent to the area if open doors or windows would allow asbestos fibers from the defendant's product to be carried to the area where [the] plaintiff was working." See also, In Re: Asbestos Litigation, Del. Super., 509 A.2d 1116, 1117 (1986); Clark v. A.C.& S., Co., Inc., Del. Super., C.A. No.

3

82C-DE-26, Poppiti, J (September 3, 1985)(Order) at p. 4-5.[2]

Plaintiff has not met the burden required of her by law. At best, Plaintiff has established that there was a Westinghouse turbine generator in both engine rooms on the Purvis and that Mr. Happel would be in the engine room at times performing his duties as a machinist mate. The record shows, through the testimony of Mr. Lempges, that machinist mates, such as Mr. Happel, would not work on turbines except for running the throttle and checking the bearings, none of which would, or is alleged to, have exposed Mr. Happel to asbestos. Moreover, Mr. Lempges was only able to testify generally as to what Mr. Happel would have done as a machinist mate but was unable to testify about any specific equipment he actually worked on while serving aboard the Purvis or was around when specific work was being performed. Simply placing a Westinghouse turbine in the engine rooms, without evidence that Mr. Happel was around while work was being performed on that turbine or that this work "would allow asbestos fibers from the defendant's product to be carried to the area where [the] plaintiff was working", fails to establish an essential element of the product nexus claim, ie – the requisite evidence of exposure to a CBS/Westinghouse product. As such, Plaintiff's claims against CBS/Westinghouse must fail.

## CONCLUSION

Based upon the foregoing, CBS/Westinghouse respectfully requests that this Court grant summary judgment in its favor as to all counts in Plaintiff's Complaint.

---

[2] Unreported opinions attached as Exhibit "C"

4

Respectfully submitted,

SWARTZ CAMPBELL LLC

BY:/s/ *Beth E. Valocchi*
Beth E. Valocchi, Esquire (ID 2294)
Jennifer A. Kapes, Esquire (ID 4419)
300 Delaware Avenue; Suite 1130
Wilmington, DE 19801
*Attorneys for Defendant*
*CBS Corporation*

Dated: August 30, 2010